UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| SCOTTRADE, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 4:09-CV-1855-SNLJ |
| | ) |
| THE ST. PAUL MERCURY INSURANCE COMPANY, | ) |
| | ) |
| Defendant. | ) |

## SCOTTRADE'S MOTION TO COMPEL

COMES NOW Plaintiff Scottrade, Inc. ("Scottrade") and, pursuant to Rule 37, Fed. R. Civ. P., moves for an order (a) overruling Defendant The St. Paul Mercury Insurance Company ("Travelers") non-specific objections to Scottrade's discovery requests, (b) overruling Travelers' relevancy objections to producing documents and information concerning other claims made to Travelers for coverage of losses similar to Scottrade's; (c) overruling Travelers' claims of privilege associated with 21 of the documents listed on Travelers' "Privilege Log"; and (d) directing Travelers to provide interrogatory answers and produce documents fully responsive to Scottrade's discovery request consistent with the Court's rulings on Travelers' objections. As grounds therefore, and in support of its Motion, Scottrade states:

1. This lawsuit involves an insurance coverage dispute between Scottrade and Travelers. The fundamental question is whether certain losses sustained by Scottrade are covered pursuant to a form of insurance policy Travelers sold to Scottrade called a Financial Institution Bond Standard Form No. 14, including a Computer Systems Fraud rider to that policy.

2. By this Motion to Compel, Scottrade seeks to enlist the Court's assistance in discovering information that is essential to its claims against Travelers (a) for breach of contract (for failure to indemnify Scottrade against its loss as required by the insurance policies Travelers issued to Scottrade), and (b) for vexatious refusal to pay the insurance claim.

3. On May 6, 2010, Scottrade served its First Set of Interrogatories and First Requests for Production of Documents. See Ex. 8 (Interrogatories) and Ex. 9 (Requests for Production). On June 10, 2010, Travelers served its objections and responses. See Ex. 10 (Interrogatories) and Ex. 11 (Requests for Production).

4. In Travelers' responses, Travelers lodged a myriad of boilerplate, generic objections framed both as "General Objections," incorporated into every single response, and "Specific Objections," which effectively reiterate the general objections. In many of its discovery responses, Travelers has attempted to create an appearance of compliance, either providing some information (in response to interrogatories) or indicating that it will produce some documents. But even in these instances, Travelers is standing on its generalized objections. As a result, neither Scottrade nor the Court can ascertain what additional, responsive information and documents (if any) exist but is/are being withheld by Travelers. Because generalized objections like those made by Travelers are inconsistent with the federal rules and this Court's Local Rule 37 – 3.04, they should be summarily overruled, and Travelers should be ordered to provide/produce whatever other responsive information and documents it has.

5. In addition to Travelers' generalized objections, Travelers has objected to producing information and records concerning insurance claims similar to Scottrade's on the grounds that such materials are neither relevant to any issue in this lawsuit nor reasonably calculated to lead to the discovery of admissible evidence. The discovery requests at issue are

interrogatories numbered 12 and 13, and requests for production of documents numbered 35–37. Numerous district judges, including Judge Hamilton of this Court, have previously considered this type of objection to these types of discovery requests in the context of disputes over insurance coverage. Consistently, the relevancy objections are overruled and the insurance companies are ordered to produce the requested information and documents. Travelers' objections to producing such information and materials in this case should be overruled and it should be ordered to produce the requested information and documents.

6. Travelers has also refused, on grounds of attorney-client privilege, work product privilege, or generic claims of business confidences, to produce 23 documents identified on Traveler's Privilege Log. Contrary to applicable rules, however, Travelers has not furnished information sufficient for the Court or Scottrade to determine that the claimed privileges might have attached to 21 of the 23 documents.

7. Most of the supposedly privileged documents are from the claims file compiled by Travelers. Under Missouri law, Scottrade is entitled to complete access to this file. Moreover, federal courts widely recognize that an insured's need for the claims file in insurance coverage litigation trumps any claim of work product privilege otherwise available to the insurance company respecting the contents of such files. Finally, Travelers has produced numerous documents on the same subject as the withheld documents, thereby waiving its privilege objections as to most of these documents.

8. The remaining documents are not subject to any recognized privilege. They consist of documents pertaining to Travelers' underwriting policies and practices. Travelers claims they are highly confidential and proprietary documents. But those concerns have been addressed by the entry, on July 30, 2010, of a protective order in this matter.

9. Pursuant to FED. R. CIV. P. 37 and Local Rule 37 - 3.04, Scottrade's counsel made repeated efforts to meet-and-confer with Travelers' counsel in good faith regarding the deficiencies in Travelers' discovery responses. Those efforts culminated with a telephone conference on June 28. During that conference, Travelers' counsel refused to compromise on any of its positions. It proposed, however, and Scottrade agreed, to defer a motion to compel until after Travelers actually produced its documents.

10. Travelers produced documents and a privilege log on August 11, 2010. That production, rather than allaying Scottrade's concerns that Travelers was withholding requested, discoverable documents, confirmed that Travelers is doing so.

11. Despite Scottrade's efforts, it has been unable to resolve its differences with Travelers. As more fully explained in Scottrade's accompanying Memorandum, Scottrade asks this Court to overrule Travelers' objections and unfounded claims of privilege, and compel the following:

- Travelers' full and complete answers to Interrogatories numbered 1, 3, 5, 6, 7, 8, 9, 10, 11, 12, 13, 15, 17, 18, 19, 20, 21, 22 and produce all documents being withheld in reliance on such objections, including documents responsive to Requests numbered 4, 5, 7, 8, 9, 10, 11, 14, 15, 16, 17, 18, 21, 24, 25, 26, 27, 29, 32, 34, 35, 36, 37, and 38;

- Travelers' full and complete answers to Interrogatories 12 and 13 and Document Requests 35, 36, and 37; and

- Travelers' production of all documents listed on Travelers' privilege log other than the January 21, 2010 email authored by Tracey Santor and the Rule 17 g-1 report.

WHEREFORE, Scottrade respectfully submits that this Court should enter an Order compelling Travelers, within ten (10) days of the Court's Order, to fully respond to Scottrade's First Set of Interrogatories and First Set of Requests for Production of Documents, as specified in the accompanying Memorandum, to produce all responsive documents and for any such other relief as the Court deems just and proper.

        Respectfully submitted,

        THOMPSON COBURN LLP

        By: /s/ Thomas E. Douglass
            Thomas E. Douglass, #3008
            Kenton E. Knickmeyer, #3577
            Matthew D. Guletz, #529994
            THOMPSON COBURN LLP
            One US Bank Plaza
            St. Louis, Missouri 63101
            (314) 552-6000
            (314) 552-7000  fax

        *Attorneys for Plaintiff Scottrade, Inc.*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true copy of the foregoing was served by United States Mail, first class postage prepaid, and served by electronic mail, this 20th day of September, 2010, to the following:

John W. Rourke, III
Niemann Rourke, LLC
1650 Des Peres Road
Suite 150
St. Louis, MO 63131

Arthur N. Lambert
Daniel W. White
Victor B. Kao
Frenkel Lambert Weiss
Weisman & Gordon, LLP
1 Whitehall Street, 20th Floor
New York, NY 10004

Attorneys for Defendant
The St. Paul Mercury Insurance Company

        /s/ Thomas E. Douglass